Good morning, Your Honors. Peter Ravinia on behalf of the petitioner, Thomas Richey. I'd like to reserve two minutes for rebuttal. That's fine. The clock is counting down, by the way.  The issue on this appeal is whether Mr. Richey's federal habeas petition is subject to dismissal as a second or successive petition, or whether, in light of Magwood v. Patterson and Wenzel v. Nevin, it does not qualify as a second or successive petition because there has been a new and intervening judgment that has been handed down that makes this a first petition rather than a second or successive petition. So we had issued an order asking you to address one preliminary question about the earlier Washington Supreme Court decision. Does that constitute as a judgment here? The 2008 decision? I think it would if that were the only thing that had been done by the Washington Supreme Court. There was the opinion in 2008 that was the first time that the Washington Supreme Court had actually made a ruling that attempted felony murder in the first degree did not exist as a crime. So wasn't he on notice at that point, that that's where you start? He was on notice, Your Honor, and he jumped into action because, on the one hand, that opinion did something very favorable to him. It said that he had pled to something that did not exist as a crime, but it also ruled that he was still convicted of attempted murder in the first degree because it ruled that he had pled guilty to attempted premeditated murder and that his plea was knowing and voluntary and that he had been advised of all of those elements and that he had pled guilty in a legal way. Now, that was news. But it wasn't the alternative, the information or the indictment or whatever you want to call it. But, you know, at a bottom line here, you have a factual situation where two people essentially that, I mean, there's an argument that the shootings were execution style and miraculously one person didn't die. And albeit that if you go back to the original thing, he faced the death penalty.  And so he, some very good defense counsel saved his life, got him a determinate sentence of 65 years, meaning, and I don't know exactly how, I'm a California kind of gal in the state court, so I don't know how the credit for time served works in Washington. But with a determinate sentence and being a young man, this is an individual that had a chance that he wasn't going to be subject to governors about whether he gets out on parole or whatever. He had a determinate sentence for two people that got shot in the head and one died and one didn't die. And he also agreed not to appeal. And so here we are talking about it all this time later, and I'm ‑‑ What does he seek to gain here if he were to prevail in his claim? He would like to have a remand concerning the validity of count two. Mr. Ritchie's position is that when he pled to count two, he pled to attempted felony murder, and that's all. That's for 65‑year concurrent sentences, right? That's what my question really is. That's true. Count one is not at issue. Right. So what does he, my question was, what does he really seek to gain? Does he seek to obtain a lesser sentence? Does he plead guilty? I mean, he's facing 65 years, any way you cut it. He really isn't worried about collateral consequences, right? No. The issue of the first count is totally untouched by this proceeding. So we're really only dealing with the validity of count two. But Mr. Ritchie wants to have a ruling on that. He says that 2008 was the first time that he had ever been told that he had pled guilty to attempted premeditated murder. Well, there was a discussion at the plea colloquy. There was a lengthy discussion about premeditation. And the discussion sort of took the form is obviously there were the facts that would be the worst for your client and then the facts that would be the best. And the prosecutor said, hey, this is why we're cutting him a deal, because apparently he had a PTSD. He claimed that he was under LSD. And otherwise, and so he said, well, you know, we're going to cut some slack here, because we have some exposure if we go to trial. But on the other hand, there's a lot of evidence here that is proof of premeditation, because he took the gun with him. There was only like a minor disagreement about buying a TV, and then the people are taken to a back room and they're shot in the back of the head. The question is not whether there was evidence sufficient in the record to support it. The question is what did Mr. Ritchie think that he was pleading guilty to? And I think that the discussion in that sentencing about the issue of premeditation shows why he was right and surprised in 2008, because the first count was clearly a plea to felony murder in the first degree, and the issue was whether premeditation could be proved. And I think it's clear from the comments of his lawyer that this was a compromise, negotiated deal. And if you look at the statement of the defendant on the plea of guilty, the first page sets out the elements, and the sentencing judge pointed that out and said the elements and the maximum are contained on that page one of the statement of the defendant on plea of guilty, and it sets out the elements and it omits the premeditation element. And, of course, the judgment conforms to Mr. Ritchie's expectations. He's got a judgment that says murder in the first degree and attempted murder in the first degree, and both of those statutory citations are limited to the felony murder citations. 9A32030 subsection 1C, and that C is a reference to the felony murder statute, and that's for both count one and count two. And it's only in 2008 when the Washington Supreme Court says, first of all, attempted felony murder is not a crime, but, hey, by the way, you pled to attempted premeditated murder. That's the first notice that Mr. Ritchie had ever had, that he had supposedly pled to attempted murder, intentional premeditated murder in the first degree. So what's different about the 2010 judgment that makes it the judgment for purposes of the timeliness? Because I think you have to look at it as a continuation of a process, Your Honor. The Washington Supreme Court issues its opinion in 2008. Mr. Ritchie jumps into action. He's a very aggressive litigator, and he immediately starts filing motions challenging what the Washington Supreme Court had said, because they had said two things. One was very favorable and one was very unfavorable to him. He then sought to challenge that, and he filed motions and petitions, and over time he actually gained some relief. He obviously gained relief in the 2008 decision because they said he had pled to something that wasn't a crime. And then he, over a period of a couple of years, he was able to persuade the Washington Supreme Court to issue a new ruling directing the Pierce County Superior Court to make a requested change to the judgment. Can I ask you a question? I know because we don't have a lot of time. There was a second issue that we raised about the 2013 petition filed in the Western District of Washington, and what's your response to whether the petitioner's January 2013 petition is a first petition for purposes of 28 U.S.C. 2244B in light of the district court's order granting petitioner's motion to withdraw the petition? I don't think it counts as a first petition, Your Honor, and I think there really are two responses. One is that the district court did allow petitioner to withdraw it without prejudice. But I think more fundamentally, all of the petitions — But didn't that petition sort of put a lot of things into action so that we ultimately get to this point? That's right, but every petition that Mr. Ritchie has filed since the Washington Supreme Court made its decision in 2008 has been bounced out of federal court as a second and successive petition because it was just assumed that it was. This is the first time that this issue of the Magwood-Wentzel claim has been raised, and so he's never had any decision on the merits by a federal habeas court. And so I don't believe that you can look at this petition and say that it's second or successive because nothing that he's filed before has ever been decided on the merits. And so I think it's fairly clear under McNabb v. Yates in the Ninth Circuit and also Supreme Court decisions like Burton v. Stewart. In Burton, the petition was dismissed as a second petition, but that's because Mr. Burton had filed a federal habeas after the intervening State judgment that had gone to judgment and had been decided and denied on the merits. Counsel, you're well over your time at this point, but I would like to know what the second reason is. You said there were two reasons why the January 2013 petition doesn't count. The first one was because the district court dismissed it, allowed it without — allowed the withdrawal without prejudice. And the second one is because it does not follow any prior first petition that had ever been decided on the merits against Mr. Ritchie. But that's not the rule about second or successive, is it? I believe it is, Your Honor. I believe that's what McNabb v. Yates says, and I certainly think that Supreme Court jurisprudence supports that, especially a case like Burton v. Stewart and even cases like Slack v. McDaniel. Slack v. McDaniel. Stewart v. — I think those cases all stand for the proposition that if the first petition never got decided on the merits, then the second petition is not second or successive. And I think if you look at all of those priors, that's what happened in those cases. You're over your time, but I'll give you a minute for rebuttal. Okay. Thank you. May it please the Court, I'm Alex Costin, Assistant Attorney General. Just keep your voice up. I'm sorry, Your Honor. Is this better? That's better. I'm Alex Costin, Assistant Attorney General, representing Washington Department of Corrections. To address this Court's first question, whether the 2008 Supreme Court decision was a new and intervening judgment in this case, the answer is no, it was not. The issue to determine — That was a direct answer. Thank you. You're welcome, Your Honor. To determine — So isn't that against your interest if you say that, the 2008? If he had to appeal from the 2008 judgment, wouldn't there be a theory that this would be untimely? Yes, Your Honor. All his challenges, actually, to his 1987 conviction, they were all found to be untimely. Well, but if you get to the amended, whether it was clerical or whatever, then you have to — if you get to that issue, I think Wentzel's a little bit of a problem for you. No, Your Honor. Actually, Wentzel is not a problem. Well, I think that's a little bit of a problem. So — I respectfully disagree. And so then maybe you should think it's a little bit of a problem. Well, I mean, if I could present a theory as to why it's not a problem. In 1987, just — and today, Mr. Ritchie has been under the same judgment and sentence. If we look at Burton v. Stewart, we need to look at the — what judgment was in place at the time Mr. Ritchie filed his first habeas corpus petition. He filed his first habeas corpus petition in 1994. His 1987 judgment and sentence was in place. He filed his second habeas corpus petition in 2008. That was dismissed as excessive. His petition was still in place. I can distinguish Magwood, but I'm having trouble with Wentzel. Okay, Your Honor. Okay, so in Wentzel — what happened in Wentzel? He was — he was granted relief by the state appellate court. He was originally convicted of three counts, and on appeal, the court vacated one of his counts. The counts were to run consecutively. So as a result, Mr. Wentzel had a new judgment and sentence. So he was standing convicted of two counts instead of three, and his judgment and his sentence was reduced by 10 years. So why doesn't it just happen as a matter just automatically? You know, you know it, you just take 10 off, and that's all that had to be done. Whereas in Magwood, he had to go back and have a whole sentencing hearing on the death penalty again. But that was — Your Honor, that was — in both Magwood and Wentzel, there was either evocation or demand and a new sentence. But why hasn't — why hasn't Mr. Ritchie's incentives changed here quite a bit? Why hasn't his strategy on appeal changed as a result of the 2008 Washington Supreme Court decision? Before, in order to knock out count two, he had to beat the state on alternative theories. He had to beat them on both. And if he didn't prevail on both, then he wasn't going to win. Now all of a sudden, the Supreme Court has reduced — has eliminated one of them, and that may make his path a lot easier. Well, let me give you an example. Let me give you a hypothetical. Let's suppose that I convicted you, Mr. Costin, today and offered two reasons, and just bear with me that they're silly reasons. One is because you're wearing a blue shirt, and the other is because you're 6'7". Now, one of those is clearly correct. The other one is clearly erroneous. Now, if you have to knock out both of those because they're alternative theories, you're never going to be able to beat the rap that you're wearing a blue shirt. But if the Supreme Court of Washington knocks out the blue shirt theory, all of a sudden, you've got a really easy path, don't you, because it's clear error that you're 6'7". Doesn't that change his incentives to appeal here? No, Your Honor, and the fact of the matter is, is that that decision, the 2008 decision, basically there were two pillars supporting the attempted first-degree murder. Right, and one of them is now gone. And one of them was removed, absolutely. And that one looks like it was a slam dunk, as long as attempted felony murder was good law in Washington. And so there's no incentive for him to bring a challenge on attempted first-degree murder, as long as the state has a slam dunk on the other one. Once that's been eliminated, then he's got an entirely different case in front of him, an entirely different path to win. He only has to knock out attempted first-degree intentional murder. And when his judgment and sentence was corrected, and that I need to emphasize that it was corrected, not amended, in 2010, the state courts repeatedly told Mr. Ritchie, you cannot appeal this. Right. Those are Washington's rules. Our rules are based on AEDPA, as to whether this is second or successive. So I would accord some respect to what Washington said, but this looks like a different judgment to me, with a different set of incentives, and that might make it not a second or successive petition. Well, your Honor, the state's position is that his 1987 sentence never changed. The length of the sentence never changed, but the state's reasoning did. But the judgment also never changed. The only thing that the court did, the superior court did, performed a ministerial task as directed by the Supreme Court. But the state's theory as to why he's guilty is different. It's only alleging one ground, whereas previously it was alleging two and in the alternative. But since he had two alternative means of committing it, the attempted first-degree murder, and one of them remained valid, so nothing's changed in the second count. But I've given you a hypothetical as to why it might change the way that his strategy would approach such an appeal. If one of them was irrefutable, that is, you are wearing a blue shirt, you have little incentive to knock that out. You can't beat that rap today, Mr. Costin. If I accuse you of being 6'7", you've got a pretty clear path for beating that one. Well, Ian, and if I understood your question correctly, Your Honor, I guess Mr. Rich's theory is that, well, I never pled to anything premeditated, but the record actually refutes that. Then the state should prevail easily on a petition for habeas corpus. Yes, Your Honor. That goes to the merits. But at this point, the only issue before this Court is whether to deny him leave to file his fourth petition or allow him to proceed. The adjudication whether he, the state's position is that he always pled and he confirmed the guilty plea. And I can give Your Honor the. Well, I think we understand your position, but you're not really dealing with the nuances of what we have to deal with. And, for example, you rely on out-of-circuit authority. In Rhee Martin, that's the Tenth Circuit. But, unfortunately, you're in the Ninth Circuit, and so you've got to deal with Wentzel. And so Wentzel is different than Martin. If you were in the Tenth Circuit, you'd be in better shape. Well, and Your Honor, in Wentzel, as I was saying before, there was a grant of collateral relief, which Mr. Rich never received in this case. He never was granted any collateral relief by any state courts. That's the bottom line. All state courts that ever addressed his 1987 judgment and sentence, they all consistently held that all his challenges, not only their time bar, that his 1987 sentence never changed. All right. But that's why I don't understand. If the 2008 opinion was a new and intervening judgment, then it wouldn't be timely. And that's a fallback argument for you. But you're not, you said that wasn't the intervening judgment. You're sticking to your guns and sticking to that it's clerical error, and you want to put all your eggs in that basket, right? Well, Your Honor, yes. We believe that the new and intervening judgment can only be the judgment that keeps Mr. Rich in confinement. And that was the 19- And every judgment here did that. Is that your point? No, Your Honor. There was only 1987 judgment where he was sentenced to 65 years, and he remains sentenced pursuant to that- Your point is just that the amended, the 2010 amended judgment is the same thing as the original judgment. And I would respectfully, Your Honor, I would call this a corrected judgment. It's not an amended judgment. It's not- You have to call it a corrected judgment or you lose under Wentzel, right? And Magwood. Well, yes, Your Honor, but- But the gist using corrected doesn't- Well, what is the gist in Magwood and Wentzel is the fact that there has to be a new judgment. Like in Magwood, there was a new, there was a grant of habeas corpus by the federal district court. Then, in response to that, the state superior court conducted a new hearing that was not a ministerial mission, as the court did in this case. And the judge specifically said, I am resentencing Mr. Magwood to death, but- Here, Judge Bybee's point is now he can say that there wasn't sufficient evidence of premeditation, now that the alternative theory is gone. No, Your Honor, there is sufficient theory of premeditation. Well, that goes to the merits. It doesn't go to- You may win that one, but you're only going to win it if he gets to file another habeas petition. Well, but, Your Honor, respectfully, with the issue before this court is whether there was an intervening judgment and sentence, and the intervening judgment and sentence, as in Magwood, is something that Mr. Ritchie could have been sentenced during the same sentence upon the new sentencing hearing, but the fact of the matter is there was no new sentencing hearing. What the superior court did in 2010 was a mere ministerial correction of the error. There was another part to the argument, the order that we sent out, and that is whether the 2013 habeas petition that was filed, whether that was a first petition. No, Your Honor. That was his third petition. Never mind. As I stated before, he filed the one, his first petition was filed in 1994. In your view, it's not, it doesn't constitute a first petition? No, Your Honor, it doesn't. All right. Okay. All right. Thank you. Thank you. You've got one minute if you need it. Okay. Thank you, Your Honor. Just briefly, the State's position is that this was only a ministerial action. Ministerial suggests that the correction is undisputed. When a document clearly says something different than what happened in a court proceeding and everybody agrees with that, then, of course, that can be legitimately referred to as a ministerial task, a correction of a clerical error. A scrivener's error. A scrivener's error. It's hardly a scrivener's error. Right, exactly. And the State's whole position on why this is not an intervening new judgment is based on the fact that they think this is a completely trivial change to Mr. Ritchie's conditions of confinement, conviction, and sentence. We think that's not true. And we think that there was a new intervening judgment, and this is a first petition, and it's not a second petition. Thank you. Thank you, counsel. Counsel, we appreciate your arguments today very much. This matter is submitted at this time. See, the next case that's listed on the calendar is United States of America v. Jones. That's submitted on the briefs and record.
judges: Paez, Bybee, Callahan